**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JWQ CABINETRY, INC., : | |
|  : | Civil Action No. 13-4110 (FLW) |
| Plaintiff, : | |
|  : | |
| v.  : | **OPINION** |
|  : | |
| GRANADA WOOD & CABINETS, INC.,: *et al.*, : | |
|  : | |
| Defendants.  : | |

**WOLFSON, United States District Judge**:

This breach of contract action arises out of the allegations by Plaintiff JWQ Cabinetry, Inc. ("Plaintiff" or "JWQ") that it received defective cabinets shipped from a non-party Chinese entity. Plaintiff claims that defendants Granada Wood & Cabinets, Inc., Granada Kitchen and Floor, LLC, (hereinafter referred to as "Granada")[1] and Tao Zhang (collectively, "Defendants") breached an agreement related to the shipments of those cabinets to Plaintiff.  Based upon that alleged breach, Plaintiff also accuses Defendants of, *inter alia*, committing fraud.  In the instant matter, Defendants move to dismiss all claims on the bases that this Court lacks personal jurisdiction over Defendants, that Plaintiff has failed to effectuate proper service, as well as that the Complaint failes to state a claim pursuant to Fed. R. Civ. 12(b)(6).  For the reasons that follow, Defendants' motion to dismiss defendants Granada Wood and Granada Kitchen based on a lack of personal jurisdiction is **GRANTED**.  Defendants' motion to dismiss Zhang for improper service is **GRANTED**; the Court finds that Plaintiff failed to effectuate proper service

---

[1] According to the Complaint, Granada Kitchen is an affiliate or successor of Granada Wood.  For the purposes of this motion, the Court will refer these entities as "Granada."

on Zhang, and therefore, he is dismissed, without prejudice, as a defendant. However, the Court will provide Plaintiff an opportunity to effectuate proper service on Zhang within 30 days from the date of the Order accompanying this Opinion. Since all defendants are dismissed, the Court does not address the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

The facts of this case are derived from the Complaint and they are taken as true for the purposes of this motion. Plaintiff is a New Jersey corporation that purchases and sells kitchen cabinets for consumer use. Kaiyang Kunlun Wood Co. ("Kunlun"), not named as a defendant in this suit, is a major supplier of kitchen cabinets in China. According to Plaintiff, JWQ has been purchasing wood cabinetry from Kunlun since 2010. In that connection, Plaintiff would communicate with Kunlun through its agent, affiliate and/or subsidiary defendants Granada Wood and Granada Kitchen, both California corporations, and defendant Zhang.

JWQ and Kunlun entered into an agreement, dated August 14, 2012, for the purchase of two containers of cabinetry with Kunlun. *See* Compl., ¶ 14. Consistent with JWQ's regular course of dealing, JWQ, first, remitted to Kunlun $40,000 as a deposit payment on August 16, 2012, and the remaining balance was paid by November 20, 2012. *Id.* at ¶¶ 16-17. Upon receiving both containers of cabinets, directly from Kunlan, JWQ discovered that the cabinet color and finish were defective. In an effort to complain to Kunlun regarding the defects, JWQ communicated with defendant Zhang, who, according to Plaintiff, was Kunlun's owner. *Id.* at ¶ 26. JWQ also rejected both containers. Zhang instructed JWQ to arrange for shipment and return all of the allegedly defective merchandise to defendant Granada's warehouse located in California. *Id.* at ¶ 29. In lieu of receiving a refund, JWQ was given a credit in the amount of $144,351.21 for future purchases (the "Credit"). *Id.* at ¶ 38.

Prior to being provided with a credit, on or about October 23, 2012, JWQ placed another order for one container of cabinets from Kunlun, and JWQ paid a deposit of $20,000. *Id.* at ¶¶ 39-40. On or about January 22, 2013, JWQ was notified by Kunlun that the shipment would arrive soon and that a balance of $47,784.98 was due immediately. In response, JWQ requested that Kunlun apply the Credit to pay for the remaining sum. *Id.* at ¶ 42. It appears that JWQ had received that shipment.

In January 2013 and March 2013, JWQ, respectively, placed two additional cabinet orders. The first order "was confirmed by contract dated . . . January 31, 2013." *Id.* at ¶ 44. However, Kunlun neither confirmed nor responded to the second order. *Id.* at ¶ 47. Despite numerous inquiries, Kunlun never sent the shipments to JWQ. In April 2013, JWQ sent Zunlun, Zhang and Granada a final request for refund of the Credit in the amount of $96,566.23. *Id.* at ¶¶ 50-51. To date, Plaintiff has not received any payment.

Based on these allegations, Plaintiff asserts the following causes of action against the named Defendants[2]: 1) breach of the implied covenant of good faith and fair dealing; 2) unconscionable business practices; 3) fraud; 4) breach of contract; and 5) unjust enrichment. In the instant matter, Defendants move to dismiss these claims for lack of personal jurisdiction over them, failure to effectuate proper service and failure to state a claim.

## DISCUSSION

### I.     Personal Jurisdiction

Where, as here, a federal court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, a "'federal district court may assert personal jurisdiction over a non-resident of the state in which the court sits to the extent authorized'" by that state's law. *Fisher v. Teva PFC SRL*, 212 Fed.

---

[2]     Kunlun has not been named as a party.

3

Appx. 72, 75 (3d Cir. 2006)(quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 436 (3d Cir. 1987)). To that end, the New Jersey Long-Arm Statute grants jurisdiction over non-residents to the full extent of the Due Process Clause of the United States Constitution. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4(c)). Under the Due Process Clause of the Fourteenth Amendment, a federal court has personal jurisdiction over a non-resident defendant only where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank*, 819 F.2d at 436-37 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Two types of personal jurisdiction exist: general and specific. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Recently, the Supreme Court refined the standard for finding general jurisdiction in *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). According to *Bauman*, general jurisdiction refers to a court's power to "hear any and all claims" against an out-of- state entity or person when its "affiliations with the State are so continuous and systematic ***as to render [it] at home*** in the forum state."  *Id.* (internal quotation marks and citation omitted) (emphasis added).  By contrast, specific jurisdiction exists when the plaintiff's claim arises out of the defendant's activities within the forum such that the defendant could reasonably anticipate being haled into the state's courts. *Vetrotex Certainteed Corp. v. Consl. Fiber Glass Prods. Co.*, 75 F.3d 147 (3d Cir. 1995).  As to the burden of proof, if a jurisdictional defense is raised, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. California Federal Sav. & Loan Asso.*, 819 F.2d 434, 437

(3d Cir. 1987) (citing *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985)).

Here, the out-of-state Defendants assert that this Court lacks personal jurisdiction against them. First, I find that general jurisdiction is lacking. As to defendant Zhang, there is no evidence, or even allegation, that he is domiciled in New Jersey such that this Court has personal jurisdiction over him. Plaintiff does not dispute that Zhang has no property, and does not live, in New Jersey. Similarly, as to Granada, Plaintiff has not alleged any facts, let alone submitted any evidence, that would show that defendant Granada, -- incorporated, and with its principal place of business, in California -- conducts substantial business within New Jersey such that its activities would render it at home in New Jersey. To be clear, since the recent Supreme Court's decision in *Bauman,* courts have noted that general jurisdiction extends beyond an entity's state of incorporation and principal place of business ***only*** in the exceptional case where its contacts with another forum are so substantial as to render it "at home" in that state. *See, e.g., Sonera Holding B.V. v. Cukurova Holding A.S.*, No. 12-4820, 2014 U.S. App. LEXIS 7809, at *2-3 (2d Cir. Apr. 25, 2014); *Baldwin v. Taishang Gypsum Co., Ltd.*, 742 F.3d 576, 587 (5th Cir. 2014); *Henry A. v. Willden*, No. 10-528, 2014 U.S. Dist. LEXIS 63129, at *19 (D. Nev. May 7, 2014) (finding that Supreme Court in *Bauman* has clarified that "the reach of general jurisdiction is narrower than had been supposed in the lower courts for many years."); *Jennings v. Bonus Bldg. Care, Inc.*, No. 13-663, 2014 U.S. Dist. LEXIS 62836, at *10-11 (W.D. Mo. May 7, 2014). The natural result of general jurisdiction's "at home" requirement is that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler,* 134 S. Ct. at 760. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20. The paradigm forum for general jurisdiction over an

individual is the individual's domicile, his home. For a corporation, it is an equivalent place, with the place of incorporation and the principal place of business being the paradigm bases. "Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable." *Id.* at 760.

Here, Plaintiff only offers various invoices as evidence to establish general jurisdiction. These invoices, Plaintiff argues, show that Granada has conducted business in New Jersey with JWQ and another non-party New Jersey entity since 2011.[3] Plaintiff argues that these invoices are sufficient to show that Granada distributes goods into the stream of commerce within New Jersey. However, the business activities shown by these invoices simply do not meet *Bauman*'s standard of an exceptional case. Indeed, Plaintiff has only offered evidence that shows that Granada conducted some business in New Jersey, and that is not sufficient to meet the due process requirements under general jurisdiction. Accordingly, I do not find that this Court has general jurisdiction over any of the defendants.

Next, I turn to specific jurisdiction. Specific jurisdiction exists when the plaintiff establishes the existence of minimum contacts between the defendant and the forum state. *Rocke v. Pebble Beach Co.*, 541 Fed. Appx. 208, 211 (3d Cir. 2013). When there is an assertion of specific jurisdiction, as in this case, the constitutional inquiry requires a court to consider, first, "whether the defendant 'purposefully directed his activities' at the forum," *Cerciello v. Canale*, No. 13-3491, 2014 U.S. App. LEXIS 7624, at *8 (3d Cir. Apr. 13, 2014)(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted)); second,

---

[3] I note that it does not appear anywhere on these invoices that the product orders are in any way affiliated with Kunlun or Zhang. *See* Invoices dated March 31, 2011; February 24, 2012; and March 15, 2011. Therefore, to the extent that Plaintiff wishes to use these particular invoices to establish specific jurisdiction over Defendants, he cannot do so. Indeed, the claims in this case do not arise out of those transactions.

whether the litigation "arise[s] out of or relate[s] to" those activities, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); and third, if the first two requirements are met, whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice,'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). The court must bear in mind that the defendant must have "'purposefully avail[ed] [himself] of the privilege of conducting activities within the forum'" before specific jurisdiction arises. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Here, Plaintiff claims that this Court should exercise specific jurisdiction over Granada because 1) JWQ ordered the cabinets at issue from Kunlun through Granada; and 2) the defective cabinets were returned to Granada at Zhang's request. However, neither fact establishes specific jurisdiction. To support a finding of jurisdiction, Plaintiff submits a certification from Xiaojiang Qi, the President of JWQ, in which Mr. Qi attaches, *inter alia*, various invoices between JWQ and Granada, and specific agreements with Kunlun. As to Plaintiff's first contention, Plaintiff does not cite any authority to support its argument that by merely submitting purchase orders from Plaintiff to Kunlun, Granada would subject itself to specific jurisdiction in New Jersey. Such passive conduct does not meet the purposeful availment test. More importantly, Plaintiff does not make any effort to connect these invoices to the specific business transactions at issue in this case. Rather, on their face, these invoices are nothing more than receipts sent by Granada to JWQ -- there is no indication that any of these invoices are related to Kunlun's cabinet shipments at issue. Finally, the fact that Zhang directed the alleged defective cabinets to be sent to Granada's warehouse also cannot establish that Granada somehow purposefully directed any activities into New Jersey. Absent any additional showing, I find that this Court does not have

specific jurisdiction over Granada, and therefore, both defendants Granada Kitchen and Granada Wood are dismissed for lack of personal jurisdiction.

On the other hand, however, I do find that this Court has specific jurisdiction over Zhang. As alleged, Zhang is an owner of Kunlun, *see* Compl., ¶ 7, and Zhang negotiated and facilitated the cabinet purchases made by JWQ. *See Id.* at ¶¶ 15, 27. While Defendants dispute that Zhang is the owner of Kunlun, Plaintiff, nonetheless, further alleges – and it is not contested by Defendants -- that Zhang made specific business decisions on behalf of Kunlun when issues arose between the two parties. *See Id.* at ¶¶ 29, 37, 38. Indeed, according to Defendants, Zhang is the Vice-President of Kunlun, and Plaintiff only dealt with Zhang in connection with purchases from Kunlun. In that regard, Zhang availed himself in New Jersey for the purposes of conducting business with JWQ, and this lawsuit arose out of those contacts. I further find that the exercise of jurisdiction, here, comports with the traditional notion of fair play and substantial justice. Accordingly, this Court has specific jurisdiction over Zhang.

**II.     Service**

Defendants, next, contend that service was defective. Courts cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure. *Reddy v. Medquist, Inc.*, No.06-4410, 2009 U.S. Dist. LEXIS 68122, at *2 (D.N.J. Aug. 4, 2009). Where there is a question as to the validity of service, the burden of proof of service lies on "the party asserting the validity of service." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). Rule 4(e) provides various ways that service of process may be made on individuals. Service of process may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," by delivering service personally, by "leaving a

copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering service to an agent authorized by appointment or by law. Fed. R. Civ. P. 4(e).

Rule 4(h) governs service on a corporation. This rule provides, in relevant part, that "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served . . . in the manner prescribed by Rule 4(e)(1) for serving an individual"; or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . ." Fed R. Civ. P. 4(h).

Here, it appears that Plaintiff invokes the state of California's service procedures. Similar to its federal counterpart, California law allows a corporation to be served personally by delivering the summons and complaint to the corporation's agent for service of process. Cal. Code Civ. P. § 416.10. More particularly, a corporation's agent may be "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. P. § 416.10(b). In this case, because the Court has already found that it lacks personal jurisdiction over defendants Granada Wood and Granada Kitchen, I will only focus on the service issue as to Zhang.

To show that it effectuated proper service, Plaintiff filed a proof of service indicating that the Summons was served on Andy Yao, who, according to Plaintiff, was the General Manager of Granada. Plaintiff also maintains that Mr. Yao indicated to the process server that he was

9

authorized to accept service for not only for Granada but also for Zhang. In response, Defendants argue that Mr. Yao was not authorized to accept service on behalf of Zhang, and there is no dispute that Plaintiff did not attempt to serve Zhang personally. Rather, according to Plaintiff, serving the corporate defendants satisfies proper service for Zhang since he is an employee of those defendants. In so arguing, Plaintiff does not provide any evidence that Mr. Yao is appointed by Zhang or authorized by law to accept personal service on Zhang's behalf. Plaintiff only indicates that Mr. Yao is an agent authorized to accept service of behalf of the corporate defendants. However, because Zhang is individually named as a defendant, the service requirements set forth in Cal. Code Civ. P. § 416.10, relating to service on corporations, do not apply to him. *See McKinney v. Apollo Group, Inc*, No. 07-2373, 2008 U.S. Dist. LEXIS 56324, at *15 (S.D. Cal. Jul. 23, 2008) (finding that individual officers of the corporate defendant must be served personally); *Miller v. Facebook, Inc.*, No. 10-264, 2010 U.S. Dist. LEXIS 98924, at *10 (N.D. Cal. Sep. 10, 2010). Plaintiff has not cited any California statute, case law or otherwise that stands for the proposition that an agent of a corporation can accept service on behalf of an individually named defendant, even if that defendant is an officer or employee of the corporation. In other words, Zhang must be served personally pursuant to Rule 4(e). A lack of proper service strips this Court of personal jurisdiction over Zhang, and therefore, he is dismissed, without prejudice, as a defendant. *See Travillion v. Coffe*e, 248 Fed. Appx. 335, 337 (3d Cir. 2007)("proper service is a prerequisite to personal jurisdiction").

## CONCLUSION

Defendants' motion to dismiss defendants Granada Wood and Granada Kitchen based on a lack of personal jurisdiction is **GRANTED**. Defendants' motion to dismiss Zhang for improper service is **GRANTED**; the Court finds that Plaintiff failed to effectuate proper service

on Zhang, and therefore, he is dismissed, without prejudice, as a defendant. Having dismissed all defendants, the Court need not consider Defendants' dismissal motion based on Rule 12(b)(6). The Court's decision in this Opinion does not opine on the merits of Defendants' motion under Rule 12(b)(6). Rather, Plaintiff will be provided with 30 days from the date of the Order accompanying this Opinion, to effectuate proper personal service on Zhang.

**DATED**:   May 19, 2014                                           /s/      Freda L. Wolfson
                                                                                                  Freda L. Wolfson
                                                                                                  United State District Judge